IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MYERS, | No. 4:23-CV-00475 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT HOUSER, | |
| Respondent. | |

**MEMORANDUM OPINION**

**MARCH 21, 2023**

Presently before the Court is *pro se* Petitioner Michael Myers' petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] Myers, who is presently housed at the Benner State Correctional Institution, ("SCI-Benner"), Bellefonte, Pennsylvania, has paid the filing fee in this matter. For the following reasons, the Court will summarily dismiss Myers' petition for habeas corpus without prejudice to his right to pursue his conditions of confinement and retaliation claim in a properly filed civil rights action.

I.  BACKGROUND

Petitioner's claim, albeit, disjointed, states "overcrowding," with "10 inmate placed in same cell," and "denial of protective custody status."[2] Petitioner further claims, "indefinite AC lockdown 24-7 without due process and deny access to

---

[1] Doc. 1.
[2] *Id.*

courts."³ His final claim is "deny medical hospice, deny mental health, and medical treatment."⁴ For relief, Plaintiff seeks "release from custody."⁵

## II.  STANDARD OF REVIEW

This matter is before the Court for screening.⁶ Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."⁷

Federal law provides two main avenues of relief to incarcerated persons: a petition for writ of habeas corpus and a civil-rights complaint.⁸ "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose of effect."⁹ "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action."¹⁰ "[W]hen the challenge is to a condition of

---

3   *Id.*
4   *Id.*
5   *Id.*
6   *See* 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.
7   Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.
8   *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*).
9   *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).
10  *Muhammad*, 540 U.S. at 750.

confinement such that a finding in plaintiffs favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."[11]

## III.   DISCUSSION

Simply put, Myers' claims are not cognizable in habeas. Instead of challenging the fact or duration of his confinement, Myers challenges his conditions of confinement at SCI-Benner. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully because of that conviction. Rather, Myers claims that there is overcrowding in his current facility, as well as indefinite lockdowns and inadequate access to medical care and the courts. His claims do not lie at the "core of habeas" as they do not challenge the fact or length of a sentence of confinement. Therefore, they are not cognizable in habeas.[12] If Myers seeks to challenge the conditions of confinement at SCI-Benner, he may do so by filing civil rights action pursuant to 42 U.S.C. § 1983.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability (COA), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[13] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with

---

[11]  *Leamer*, 288 F.3d at 542.
[12]  *See Preiser*, 411 U.S. at 500; *see also Leamer*, 288 F.3d at 542-44.
[13]  28 U.S.C. § 2253(c)(2).

the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[14]  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[15]  In the instant matter, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, a certificate of appealability shall not issue.

### V. CONCLUSION

Based on the above, the Court will dismiss the petition for writ of habeas corpus filed without prejudice to any right Myers may have to reassert his claims in a properly filed civil rights complaint.  A certificate of appealability will not issue.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[14] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[15] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).